1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD TORREZ, | ) Case No. CV 09-3999-OP |
|         Plaintiff, | ) |
| | ) |
| vs. | ) MEMORANDUM OPINION AND |
| | ) ORDER GRANTING PLAINTIFF'S |
| MICHAEL J. ASTRUE, | ) PETITION FOR APPROVAL OF EAJA |
| Commissioner of Social Security, | ) FEES |
| | ) |
|         Defendant. | ) |

**I.**

**PROCEEDINGS**

On February 25, 2010, Richard Torrez ("Plaintiff") filed a Petition for
Attorney Fees and Expenses Under the Equal Access to Justice Act ("Petition").
Plaintiff is seeking a fee award in the amount of $3,713.72, consisting of 15.5
hours of attorney time at a rate of $172.24 per hour, and 8.7 hours of paralegal
time at a rate of $120.00 per hour.  (Pet. at 4.)  Plaintiff also is seeking an
additional $632.12 for preparation of the Reply (3.67 attorney hours).  (Reply at
8.)  Thus, the total amount requested is $4,345.84.  (Id.)  On April 21, 2010,
Respondent filed an Opposition to the Petition.  On April 27, 2010, Plaintiff filed
a Reply.

In the Reply, Plaintiff indicated that "[i]n the spirit of compromise," he

1

would stipulate to reducing the total attorney time by three hours and paralegal time by one hour.  (Reply at 8.)  Plaintiff calculates the resulting fee (including the time spent on preparing the Reply) to be $3,709.00 (16.17 attorney hours x $172.24; 7.7 paralegal hours x $120).  (Reply at 3.)

**II.**

**DISCUSSION**

**A.    Legal Standard.**

The Equal Access to Justice Act ("EAJA") provides in pertinent part:

> "Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."

28 U.S.C. § 2412(d)(1)(A).  To award attorney's fees under the EAJA, the Court must determine that:  (1) the claimant was the prevailing party; (2) the government has failed to show that its position was "substantially justified" or that special circumstances make the award unjust; and (3) the requested fees and costs are reasonable.  Id. §§ 2412(d)(1)(A), 2412(d)(2)(A).

**B.    The Requested Fees Are Reasonable.**

The Commissioner does not contest the hourly rate that counsel claims, but only disputes the reasonableness of the hours billed.  He claims that the time spent was excessive considering the following factors:  (1) Mr. LaTour's experience (Mr. LaTour personally billed up to 8.5 hours of file review, issue identification, and possibly settlement proposal review (Pet. Ex. 2)); (2) the fact the medical record consisted only of 75 pages; (3) Mr. LaTour's review was duplicative of the

2

1  review conducted by the attorney who prepared the settlement proposal; (4) and

2  the issues were not complex.  (Opp'n at 4-5.)  Specifically, the Commissioner

3  claims the duplicative work in the matter warrants a seven-hour reduction in

4  attorney time.  The Commissioner also contends that many of the paralegal tasks

5  completed were purely clerical or secretarial tasks.  (Id. at 5-6.)  Specifically, he

6  asserts that half of the time billed by the paralegal fell into that category and,

7  therefore, only 260 minutes should be allowed.  (Id. at 6.)  In total, therefore, the

8  Commissioner argues Plaintiff should be awarded no more than $1,986.00 in

9  EAJA fees, and that the Court should disallow any fees for time spent on the

10  Reply.  (Id. at 7.)

11      This Court has reviewed the settlement proposal prepared by counsel.

12  (Opp'n Ex. 1.)  It contains three issues which appear to be thoroughly analyzed

13  and presented, with accompanying record cites and legal analysis.  The Court finds

14  that the time counsel spent researching and preparing the settlement proposal

15  (seven hours) was justified and reasonable.  Because the Plaintiff has agreed to

16  reduce the total attorney hours by three hours (Reply at 8), the Court need not

17  decide whether the eight hours billed by Mr. LaTour were excessive or

18  duplicative, as it finds that 5.5 hours was not.  Thus, total attorney time allowed

19  before the Reply, is 12.5 hours, for a total billing of $2,153.00 (12.5 x $172.24).

20      Plaintiff also seeks an additional $682.84 for preparation of the Reply.[1]

21  (Reply at 8.)  A prevailing party under the EAJA is entitled to fees for the

22  litigation over the fees.  Comm'r, INS v. Jean, 496 U.S. 154, 160, 110 S. Ct. 2316,

23  110 L. Ed. 2d 989 (9th Cir. 1998).  Having reviewed the EAJA briefings, the

24  Court finds that this fee request is also reasonable.  Thus, total attorney billing

25  allowed amounts to $2,835.24.

26

27  _____

28      [1]  This is based on 3.17 hours in attorney time at $172.24 per hour.  (Reply
    at 7.)

3

1      With regard to the total paralegal time of 7.7 hours (after deducting one

2  hour as stipulated to by Plaintiff),[2] the Court has reviewed the services provided

3  and determines that a further reduction is warranted.  Specifically, the 160 total

4  minutes billed on October 12, 2009 ("final proofread, edit settlement

5  proposal/email"), December 23, 2009 ("review memorandum/judgment - notify

6  client"), and January 19, 2010 ("file review, prepare itemization schedules, rough

7  and final EAJA request drafts, email to AUSA, OGC; prepare stipulation for

8  efiling") contain some elements that might be deemed purely clerical.  The Court

9  allocates sixty minutes of this time to non-clerical tasks.  Thus, the revised

10  paralegal time is 400 minutes for a total allowed billing of $800.00 ((520 - 60 -

11  60)/60) x $120).

12      Accordingly, the Court finds that an EAJA fee award of $3,595.12

13  ($2,835.24 + $800.00) is reasonable, as required under the EAJA.

### III.

### ORDER

16      For the reasons discussed above, Plaintiff's Petition is GRANTED, and

17  Plaintiff's counsel is awarded total EAJA fees of $3,595.12.

DATED:  July 20, 2010

HONORABLE OSWALD PARADA
United States Magistrate Judge

---

[2]  Plaintiff agreed to reduce the time billed for form preparation, and
withdraw the claim for preparation of the consent form (10 minutes).  (Reply at 8.)

4